## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**RONALD SATISH EMRIT**                                          **PLAINTIFF**

**V.**                                  **CASE NO. 5:16-CV-5326**

**UNIVERSITY OF ARKANSAS**                              **DEFENDANT**

## OPINION AND ORDER

Currently before the Court are Defendant University of Arkansas's ("the University") Motion to Dismiss (Doc. 10), Plaintiff Ronald Satish Emrit's Motion in Limine (Doc. 13), and Mr. Emrit's Notice of Appeal (Doc. 19). For the reasons given below, the University's Motion is **GRANTED**, and Mr. Emrit's Motion and Notice are **MOOT**.

Mr. Emrit filed his Complaint in this case on November 14, 2016. *See* Doc. 1. His Complaint sets forth nine separate counts against the University, for breach of contract, negligence, conversion, fraud, intentional infliction of emotional distress, products liability, breach of implied warranty of merchantability, breach of implied warranty of fitness, and tortious interference with business relations. *See id.* It is difficult to discern precisely what facts he contends give rise to these claims, but it appears Mr. Emrit is upset because the University did not invite him to return to its business school after he failed out of, or was otherwise dismissed from, its masters program. *See id.* at ¶¶ 13–28. Mr. Emrit seeks to recover $45,000,000.00 in damages from the University.

1

On December 19, 2016, the University filed its Motion to Dismiss Mr. Emrit's Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.[1] *See* Doc. 10. Mr. Emrit never filed any formal response to the University's Motion, but on January 13, 2017, he filed a document styled "Motion in Limine," to which he attached a business plan purporting to demonstrate his lost earnings potential. *See* Doc. 13. Then, on February 6, 2017, Mr. Emrit filed a document styled "Notice of Appeal," in which he asked for new deadlines to be set and copies of old documents in this case to be sent to him because he believed he had not been receiving court filings through the mail.[2] *See* Doc. 19.

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction "may be resolved either on the face of the pleadings or upon factual determinations made in consideration of matters outside of the pleadings." *Bhd. of Maint. of Way Emps. Div. of Intern. Bhd. of Teamsters v. Union Pac. R.R. Co.*, 475 F. Supp. 2d 819, 834-35 (N.D. Iowa 2007) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 & n.6 (8th Cir. 1990)). The Court will resolve the instant question of subject-matter jurisdiction on the face of the pleadings, and therefore for purposes of this issue accepts all factual allegations in Mr. Emrit's Complaint as true, and draws all reasonable inferences in Mr. Emrit's favor. *Id.*

---

[1] The University also moved to dismiss Mr. Emrit's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court's ruling below with regard to subject-matter jurisdiction moots any need to reach the University's 12(b)(6) arguments.

[2] Mr. Emrit writes that he "has not yet received any Report and Recommendation (R&R) issued by the magistrate judge or any 'Order to Show Cause' by the presiding judge." (Doc. 19, ¶ 4). No such orders have been entered in this case.

The Eleventh Amendment states that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State," and the Eighth Circuit acknowledges that "[t]he University of Arkansas has been recognized to have Eleventh Amendment immunity." *Okruhlik v. Univ. of Ark. ex rel. May*, 255 F.3d 615, 622 (8th Cir. 2001). For a state to waive Eleventh Amendment immunity and thereby subject itself to federal court jurisdiction, it "must make a clear, unequivocal statement that it wishes to do so." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002). The state of Arkansas has not done so with respect to contract claims; rather, it requires such claims to be brought before the Arkansas Claims Commission. *See Ark. Tech Univ. v. Link*, 341 Ark. 495, 502 (2000); *see also Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 447 (8th Cir. 1995) ("ASU's trustees, in their official capacity, are immune from Dover's state law breach of contract action, whether damages or specific performance is the remedy sought."). Likewise, the state of Arkansas has declared that its agencies are immune from tort liability "except to the extent that they may be covered by liability insurance," which has not been alleged to exist in this case. *See* Ark. Code Ann. § 21-9-301. Therefore, this Court lacks jurisdiction to hear any of Mr. Emrit's nine claims, all of which assert state-law causes of tort or contract; accordingly, all of his claims must be dismissed without prejudice. *See Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464–65 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.").

**IT IS THEREFORE ORDERED** that Defendant University of Arkansas's Motion to Dismiss (Doc. 10) is **GRANTED**, and Plaintiff Ronald Satish Emrit's claims are

3

**DISMISSED WITHOUT PREJUDICE**.  This renders **MOOT** Mr. Emrit's Motion in Limine

(Doc. 13) and Notice of Appeal (Doc. 19).

        **IT IS SO ORDERED** on this ___ day of February, 2017.

                                        _____

                                          TIMOTHY L. BROOKS
                                          UNITED STATES DISTRICT JUDGE

4